UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>VIRGILIO PINEDA,<br><br>        Defendant. | No. 2:06-cr-0441-GEB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE** |

On December 22, 2015, Defendant Virgilio Pineda filed, in pro per, a motion for modification of his sentence under 18 U.S.C. § 3582(c)(2). (ECF No. 564.) Specifically, Defendant argues the retroactive post-sentencing reduction of his base offense level justifies a reduction of his sentence.

On July 26, 2016, the Office of the Federal Defender filed a notice stating it "will not file a supplement to defendant's pro se motion[.]" (ECF No. 566.)

The government was directed to file a written response to Defendant's motion, but did not respond until November 4, 2016. Defendant filed a reply to the government's response on December 6, 2016.

In its opposition, the government argues:

> The defendant's motion seeks a reduction in his sentence based upon the Sentencing Commission's passage of Amendment 782, which

1

> became effective November 1, 2014. That Amendment generally revised the Drug Quantity Table in U.S.S.G. § 2D1.1 downward by two levels. The Sentencing Commission further provided that Amendment 782 would apply retroactively to previously-sentenced defendants. See U.S.S.G. §§ 1B1.10(d), (e)(1).
>
> Defendant's motion under 18 U.S.C. § 3582(c)(2) triggers a two-step analysis to determine whether to grant a sentence reduction. Dillon v. United States, 560 U.S. 817, 826 (2010). "A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." Id. The second step requires that "the court [ ] consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted."

(Gov't's Opp'n 2:23-3:6, ECF No. 571.)

The government further argues:

> Applying the first step identified in Dillon, the defendant does not qualify for a sentence reduction. To be eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2), defendant must show that his sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." United States v. Wesson, 583 F.3d 728, 730 (9th Cir. 2009)(quoting 18 U.S.C. § 3582(c)(2)).
>
> Defendant is not eligible for a sentence reduction because he received a departure that is the bottom of his now-amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A). Calculating the defendant's amended guideline range demonstrates why he is ineligible for relief. At the original sentencing, the Court found defendant responsible for a total of 567 grams of heroin. PSR ¶ 22. After Amendment 782, this amount of heroin now results in a base offense level 26 (as opposed to level 28 at the original sentencing). U.S.S.G. § 2D1.1(c)(7)

(establishing base offense level 26 for crimes involving between 400 and 700 grams of heroin). After application of the same guideline reduction applicable at the original sentencing (a 3-level reduction for acceptance of responsibility), defendant's total offense now is 23, criminal history category V, with a resulting guideline range of 84 to 105 months in prison. Pursuant to § 1B1.10(b)(2)(A), the Court has no authority to reduce this defendant's sentence to less than 84 months because that is the low-end of his amended guideline range. Because a sentence of months is the same sentence as the departure-based sentence of 84 months imposed by this Court during the original sentencing, reducing this defendant's sentence is inconsistent with § 1B1.10 and he is therefore ineligible for relief under § 3582.

(Id. at 3:12-4:3.)

The government is correct. Since Defendant has not shown that his sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission, Defendant's motion for reduction of sentence is DENIED.

Dated: December 13, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge